**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| UNITED RENTALS (NORTH AMERICA) INC., | : | CIVIL ACTION NO. |
| | : | 3:15-CV-298 (JCH) |
|     Plaintiff, | : | |
| | : | |
|      v. | : | |
| | : | |
| CONTI ENTERPRISES, INC., | : | NOVEMBER 17, 2015 |
|     Defendant. | : | |

**RULING RE: MOTION TO DISMISS (DOC. NO. 17), MOTION TO TRANSFER (DOC. NO. 26), MOTION TO AMEND (DOC. NO. 33)**

**I.    INTRODUCTION**

The procedural history of this case is convoluted.  On February 27, 2015, the plaintiff, United Rentals (North America), Inc. ("United Rentals"), filed a three-count Complaint (Doc. No. 1) ("Compl.") against the defendant, Conti Enterprises, Inc. ("Conti").  See Compl.  The first two counts alleged that Conti was liable for breach of contract.  Specifically, the first count alleged that Conti breached the contract it had with United Rentals that required Conti to defend and indemnify United Rentals in any actions brought by a third party against United Rentals, which actions related to the use of a piece of machinery that Conti had rented from United Rentals.  See id. at 3.  The second count alleged that Conti breached the same contract by failing to procure liability insurance.  Id. at 4.  The third count sought a declaratory judgment declaring that Conti is obligated to: (1) defend and indemnify United Rentals in certain third-party suits; (2) fund United Rentals' future defense costs associated with these suits; and, (3) pay any damages that United Rentals incurs in these suits.  Id. at 4-5.  United Rentals attached four exhibits to the Complaint.  Exhibit A purported to establish the contractual relationship between the parties.  See Compl. Ex. A.  Exhibits B, C, and D purported to

1

show that United Rentals had been sued, either directly or as third-party defendants, in suits brought by third-party users of the machine that Conti rented from United Rentals. See Compl. Exs. B-D.

Conti filed a Motion to Dismiss (Doc. No. 17) ("Mot. to Dismiss"), seeking to dismiss the Complaint in its entirety on two grounds: (1) for failure to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and (2) for improper venue, pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure. See Mot. to Dismiss.

Rather than respond to the Motion to Dismiss on the merits, United Rentals instead filed a Motion to Transfer to Another District (Doc. No. 26) ("Mot. to Transfer"). The Motion to Transfer requested that the court, pursuant to section 1404(a) of the title 28 of the United States Code, transfer the case to the Southern District of New York. See Mot. to Transfer 1. The same Motion also requested, in the event that the court declined to transfer the case, that the court allow United Rentals an additional seven days to respond substantively to the Motion to Dismiss. Id.

Before the court addressed either the Motion to Dismiss or the Motion to Transfer, United Rentals then filed a Motion to Amend / Correct Complaint (Doc. No. 33) ("Mot. to Amend"). United Rentals again attached numerous documents to the Motion to Amend. Document 2 was the proposed Amended Complaint (Doc. No. 33-2) ("Proposed Am. Compl."). Documents 3 and 4 were styled as Exhibits A and B to the Proposed Amended Complaint. Though they also purported to establish the contractual relationship between United Rentals and Conti, these exhibits were different than those that were attached to the original Complaint. See Proposed Am. Compl. Ex. A, B.

Documents 5-7 were styled as Exhibits C-E of the Amended Complaint and were the same exhibits attached to the Complaint, which purported to show that United Rentals had been sued.  See id. Exs. C-E.  In the Motion to Amend, United Rentals also asked the court, in the event that the court granted the Motion to Amend, to moot Conti's Motion to Dismiss.  See Mot. to Amend at 4-5.

Conti then filed a Memorandum in Opposition (Doc. No. 37) ("Mem. in Opp."), opposing United Rentals' Motion to Transfer / Motion for Extension of Time and its Motion to Amend / Motion to Moot the Motion to Dismiss.  On October 1, United Rentals filed a Reply to Conti's Memorandum in Opposition (Doc. No. 39) ("Pl.'s Reply"), asking the court to grant both the Motion to Transfer and the Motion to Amend.

## II.    FACTS[1]

United Rentals is a Delaware corporation, with its principal place of business in Connecticut.  Proposed Am. Compl. ¶ 1.  Conti is a New Jersey corporation, with its principal place of business in New Jersey.  Id. ¶ 2.  On or about August 1, 2009, United Rentals and Conti entered into a contract called a National Account Agreement

---

[1] The court accepts as true all well-pled facts alleged in the Proposed Amended Complaint. When a proposed amended complaint is filed in response to a motion to dismiss, as is the case here, the facts alleged in the proposed amended complaint are assumed to be true for purposes of the motion to dismiss.  See Claes v. Boyce Thompson Inst. for Plant Research, 88 F.Supp.3d 121, 123 (N.D.N.Y. 2015).  Similarly, just as the court can consider documents attached to or incorporated by reference in a complaint, see Yak v. Bank Brussels Lambert, 252 F.3d 127, 130 (2d Cir. 2001), the court can consider documents attached to or incorporated by reference in the Proposed Amended Complaint.  See Avon Pension Fund v. GlaxoSmithKline PLC, 343 Fed.Appx. 671, 674 n. 2 (2d Cir. 2009) ("Although the transcript of Dr. Buse's statement and testimony are not attached to the proposed amended complaint, they may nevertheless be considered in ruling on a 12(b)(6) motion as they are incorporated by reference"); Kamdem-Ouaffo v. Pepsico, Inc., No. 14-CV-227 (KMK), slip op. at *7 n. 13 (S.D.N.Y. Mar. 9, 2015) ("The Court considers Attachments B and C of the Agreement, as well as the Purchase Order, when evaluating Defendants' Motion because they are attached to, and referenced in, the proposed Second Amended Complaint").

("NAA").[2]  Id. ¶ 6.  The NAA is attached to the Proposed Amended Complaint as Exhibit A.  On or about August 4, 2009, United Rentals and Conti entered into another contract called a Rental Agreement.  Id. ¶ 7.  The Rental Agreement is attached to the Proposed Amended Complaint as Exhibit B.  Pursuant to the Rental Agreement, Conti rented a piece of machinery from United Rentals, in order to use the piece of machinery at its work site in Bronx, New York.  Id.

Pursuant to both the NAA and the Rental Agreement, "Conti agreed to defend and indemnify [United Rentals] for liability, claim, loss, damage or costs sustained by [United Rentals] caused by or in any way arising out of or related to the operation, use, maintenance, instruction, possession, transportation, ownership, or rental of [the piece of machinery]."  Id. ¶ 8.  Also pursuant to both the NAA and the Rental Agreement, "Conti agreed to secure liability insurance providing Additional Insured covered to [United Rentals] for any liability arising from the handling, transportation, maintenance, operation, possession or use of [the piece of machinery]."  Id. ¶ 9.

In November 2010, a Conti employee named Karl Fritz filed suit against United Rentals, and others, "to recover for personal injuries he allegedly sustained at the [work site] while using [the piece of machinery]."  Id. ¶ 10.  A copy of Fritz's complaint is attached to the Proposed Amended Complaint as Exhibit C.  In April 2011, another Conti employee, Richard O'Keefe Jr., filed suit against a number of entities for injuries he allegedly suffered using the piece of machinery.  Id. ¶ 11.  In October 2011, one of those defendants filed a third-party action against United Rentals, and others, "for

---

[2] The court notes that the NAA was originally entered into by Conti and United Rentals, Inc., which is the parent company of the plaintiff, United Rentals (North America), Inc.  See Proposed Am. Compl. Ex. A at 3.  However, United Rentals, Inc. assigned the NAA to the plaintiff, United Rentals (North America), Inc.  See Pl.'s Ex. E at 1 (Doc. No. 39-5).

counts including, but not limited to, contribution, common law indemnity, and negligence."  Id. ¶ 12.  Copies of O'Keefe's original suit and the third-party suit against United Rentals are attached to the Proposed Amended Complaint as Exhibits D and E, respectively.

Conti failed to defend or indemnify United Rentals in either of the suits.  Id. ¶ 16.  Conti also failed to secure liability insurance providing Additional Insured covered to United Rentals.  Id. ¶ 21.

United Rentals and Conti contractually agreed that the District of Connecticut "shall be the exclusive venue for all matters relating to the rental of the equipment."  Id. ¶ 4.  Specifically, the Rental Agreement states that, "[t]he federal and state courts in the county in which the Store Location is located shall have exclusive jurisdiction over all matters relating to this Rental Agreement."  Proposed Am. Compl. Ex. B ¶ 22.D.  The Store Location was Bridgeport, Connecticut.  See id.

## III.   LEGAL STANDARD

### A.  Motion to Amend

Under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  "The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require,

be 'freely given.' "  Foman v. Davis, 371 U.S. 178, 182 (1962); see also Williams v. Citigroup Inc., 659 F.3d 208, 213-14 (2d Cir. 2011).

### B.  Motion to Transfer

Section 1404(a) of title 28 of the United States Code states that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. § 1404(a). Accordingly, "[i]n determining whether a transfer of venue pursuant to 28 U.S.C. § 1404(a) is appropriate, district courts engage in a two-part inquiry, asking: (1) whether an action "might have been brought" in the proposed transferee forum, and, if so, (2) whether the transfer promotes convenience and justice."  Wilson v. DirectBuy, Inc., 821 F.Supp.2d 510, 515 (D. Conn. 2011).

## IV.  DISCUSSION

### A.  Motion to Amend

United Rentals has moved to amend the Complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure.  See Mot. to Amend at 1.  United Rentals has not received written consent from Conti.  Id.

Conti argues only that the court should deny United Rentals leave to amend because the Proposed Amended Complaint would be futile.  See Mem. in Opp. at 7-12. Before the court addresses that assertion, the court notes that the other Foman factors militate in favor of granting United Rentals leave to amend.  United Rentals filed the Motion to Amend on August 27, 2015, which was the deadline for filing motions to amend, as set by the court in its Scheduling Order (Doc. No. 21).  Therefore, there was

no undue delay in filing the Motion to Amend.  The instant Motion to Amend was United Rentals' first such motion, which means that United Rentals has not repeatedly failed to cure the deficiencies that may exist in the Complaint.  Further, there is no assertion that Conti will be prejudiced if the court allows United Rentals to amend the Complaint,[3] nor is there any evidence that United Rentals is seeking permission to amend in bad faith or with a dilatory motive.

"An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)."  Lucente v. Int'l Bus. Machs. Corp., 310 F.3d 243, 258 (2d Cir. 2002).  "In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "  Balintulo v. Ford Motor Co., 796 F.3d 160, 164-65 (2d. Cir. 2015) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  The requirement to allege "facts" means that "bald assertions" and "merely conclusory allegations" do not suffice.  Jackson v. Cnty. of Rockland, 450 F. App'x 15, 19 (2d Cir. 2011); see also Iqbal, 556 U.S. at 678.  A complaint is "plausible on its face" if the facts that the plaintiff pleads "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.

On a motion to dismiss under Rule 12(b)(6), the court takes all of "the factual allegations of the complaint to be true and draw[s] all reasonable inferences in the plaintiff's favor."  Warren v. Colvin, 744 F.3d 841, 843 (2d Cir. 2014).  Accordingly, when

---

[3] It should be noted that Conti does argue that it will be prejudiced if the court grants United Rentals additional time to reply to Conti's Motion to Dismiss, as United Rentals requested in the event that the court denied the Motion to Transfer.  See Mem. in Opp. at 15.  However, the court is not deciding whether to grant United Rentals additional time to reply to the Motion to Dismiss at this moment.  Rather, it is deciding whether to grant United Rentals leave to amend.  Further, the court does not view this claimed "prejudice" to be such as to warrant denial of the Motion to Amend.

an amended pleading is attacked as being futile, "the Court should accept the allegations in the proposed amended complaint as true."  Inside Radio, Inc. v. Clear Channel Commc'ns, Inc., 209 F.Supp.2d 302, 307 (S.D.N.Y. 2002).  In addition to the facts alleged in the Proposed Amended Complaint, "on a motion to dismiss, the court may consider any written instrument attached to the complaint as an exhibit or any statements or documents incorporated in it by reference."  Yak, 252 F.3d at 130 (internal quotation marks and alterations omitted).  As already mentioned, United Rentals attached five documents as exhibits to the Proposed Amended Complaint.

Generally, the court's first inquiry when determining whether a complaint sufficiently alleges a breach of contract claim is to determine what state's law applies to the determination.  Here, there is a question, in the court's if not the parties' minds, as to whether Connecticut or New York law applies.  However, because, as will be discussed below, the court concludes that the same result would obtain under both Connecticut and New York law, the court need not definitively determine which law applies.

The elements of a breach of contract claim are the same in New York and Connecticut.  To state a claim for breach of contract in either state, the plaintiff must allege: (1) that a contract existed; (2) performance by one party; (3) breach by the other party; and, (4) damages.  See Dee v. Rakower, 976 N.Y.S.2d 470, 474 (N.Y. App. Div. 2013) (New York); Myers v. Livingston, Adler, Pulda, Meiklejohn and Kelly, P.C., 87 A.3d 534, 540 (Conn. 2014) (Connecticut).

Conti essentially presents three arguments as to why the Proposed Amended Complaint fails to state a claim upon which relief can be granted, all of which are aimed at the first element – existence of a contract.  It argues: (1) it is not bound by the Rental

Agreement, which undoubtedly includes the indemnification provision, because it never received the reverse side of the Agreement, where the indemnification provision was written; (2) the National Account Agreement, which purports to incorporate by reference the Rental Agreement, does not actually do so; and (3) it is not bound by either the National Account Agreement or the Rental Agreement due to technical deficiencies in the documents.  <u>See</u> Mem. in Opp. at 7-12.

        As to the first argument, the court concludes that United Rentals has sufficiently alleged that Conti was bound by the Rental Agreement, including the provisions on the reverse side of the agreement, under both New York and Connecticut law.  The Rental Agreement attached to the Proposed Amended Complaint was signed by a Conti representative.  Importantly, the front side of the Rental Agreement – in the signature box, immediately above the signature line – states:

> **READ BEFORE SIGNING:** BY SIGNING THIS AGREEMENT, CUSTOMER (1) AGREES TO ALL TERMS AND CONDITIONS ON THE FRONT AND BACK OF THIS AGREEMENT . . .

Under New York law, "[a] party who signs a document without any valid excuse for not having read it is 'conclusively bound' by its terms."  <u>Ferrarella v. Godt</u>, 15 N.Y.S.3d 180, 184-85 (N.Y. App. Div. 2015) (quoting <u>Gillman v. Chase Manhattan Bank</u>, 73 N.Y.2d 1, 11 (N.Y. 1988).  This rule applies to contract terms that are printed on the reverse side of a contract.  <u>See</u> <u>Gillman</u>, 73 N.Y.2d at 11 (party bound by security agreement printed on the reverse side of letter of credit application, which party signed); <u>Roger's Fence, Inc. v. Abele Tractor and Equip. Co., Inc.</u>, 809 N.Y.S.2d 712, 713-14 (N.Y. App. Div. 2006).  Further, so long as the signer was on notice that there were contract terms on the reverse side, this rule applies even if the signer never received the reverse side.

9

See Roger's Fence, 809 N.Y.S.2d at 713-14; see also Vulcan Power Co. v. Munson,
932 N.Y.S.2d 68, 69 (N.Y. App. Div. 2011) ("A signer's duty to read and understand that
which it signed is not diminished merely because the signer was provided with only a
signature page" (internal quotation marks and alterations omitted)); cf. Pimpinello v.
Swift & Co., 170 N.E. 530, 531 (N.Y. 1930) ("If the signer could read the instrument, not
to have read it was gross negligence; if he could not read it, not to procure it to be read
was equally negligent; in either case the writing binds him").  Further, the fact that Conti
is a "sophisticated party" is noteworthy in this context and militates against Conti's
argument.  See Daniel Gale Assocs., Inc. v. Hillcrest Estates, Ltd., 724 N.Y.S.2d 201,
202 (N.Y. App. Div. 2001).

Similarly, under Connecticut law "[t]he general rule is that where a person of
mature years, and who can read and write, signs or accepts a formal written contract
affecting his pecuniary interests, it is his duty to read it, and notice of its contents will be
imputed to him if he negligently fails to do so."  Ursini v. Goldman, 173 A. 789, 792
(Conn. 1934); see also Abele Tractor and Equip. Co., Inc. v. Sono Stone and Gravel,
LLC, 95 A.3d 1184, 1196 (Conn. App. Ct. 2014) (same).  This rule applies to terms
printed on the reverse side of a document.  See Abele Tractor, 95 A.3d at 1197; see
also Gator Wash, LLC v. Lighthouse Carwash Sys., Inc., No. HHBCV075003323S,
2007 WL 2200373, at *6 (Conn. Super. Ct. June 12, 2007) ("the plaintiff may not be
excused from the contract's terms because those who acted on its behalf did not read it
or 'pick up' on its terms before signing it. As noted above, the provision referring to the
conditions of sale on the reverse side is clearly printed immediately above the space for
the buyer's signature").  As in New York, this rule applies even if the party has not

received the page with the contract terms in question.  See Gator Wash, 2007 WL 2200373, at *6.

Conti's remaining arguments that it is not bound by the Rental Agreement are insufficient to render the Proposed Amended Complaint futile, given that the court must accept all well-pled facts as true and make all reasonable inferences in United Rentals' favor.  First, it argues that, because the Rental Agreement refers only to "United Rentals" or "United . . . the corporate subsidiary of United Rentals, Inc." and the Proposed Amended Complaint identifies United Rentals (North America), Inc. as the plaintiff, to the degree Conti did assent to the Rental Agreement, it contracted with a party other than the plaintiff.  See Mem. in Opp. at 10.  However, United Rentals (North America), Inc., the plaintiff in this case, filed a Corporate Disclosure Statement, in which it identified United Rentals, Inc. as its parent company.  See Corporate Disclosure Statement (Doc. No. 7).  The fact that the plaintiff in this case has identified itself as the corporate subsidiary of United Rentals, Inc., and the fact that the Rental Agreement was made between Conti and "United . . . the corporate subsidiary of United Rentals, Inc." is sufficient to render the Proposed Amended Complaint not futile.

Along these same lines, Conti also argues that because the reverse side of the Rental Agreement states that, " 'United' means the corporate subsidiary of United Rentals, Inc. identified on the first page of this Rental Agreement . . . " and because the first page only includes a corporate logo for United Rentals and no other identification, the Rental Agreement is not binding.  However, whether the fact that United Rentals, Inc. was not identified on the first page beyond the existence of its corporate logo was meaningful in terms of impacting what the parties believed they were agreeing to, and

with whom, is not a question that is appropriately decided on a motion to dismiss. Given that the plaintiff claims that its understanding was that the Rental Agreement was a binding contract between United Rentals (North America), Inc. and Conti, that is sufficient, especially given the other indicia of assent just discussed, to survive a motion to dismiss.

Additionally, Conti argues that because United Rentals attached a different Rental Agreement to the original Complaint than the one it attached to the Proposed Amended Complaint, the one attached to the Proposed Amended Complaint is somehow invalid.  See id. at 10-12.  The Proposed Amended Complaint states that United Rentals and Conti entered into a Rental Agreement on or about August 4, 2009, pursuant to which Conti rented a lift to be used at its Bronx-Whitestone Bridge job site. Proposed Am. Compl. ¶ 7.  The signature on the Rental Agreement attached as Exhibit B to the Proposed Amended Complaint is dated August 4, 2009, and the job site is identified as the Whitestone Bridge.  See Proposed Am. Compl. Ex. B.  Clearly, the Rental Agreement attached to the Proposed Amended Complaint as Exhibit B is the one that United Rentals is referring to in the Proposed Amended Complaint.  It is irrelevant that this is a different document than the Rental Agreement that was attached as Exhibit B to the original Complaint.

Based on the foregoing, the court concludes that the Proposed Amended Complaint sufficiently alleges that a contract existed between United Rentals and Conti. The Proposed Amended Complaint also alleges that Conti rented the lift from United Rentals (plaintiff's performance), Conti failed to indemnify United Rentals in various lawsuits and failed to procure liability insurance (defendant's breach), and that United

Rentals has been damaged as a result.  See Proposed Am. Compl. ¶¶ 7, 16, 17, 18, 21, 22, 23.  Accordingly, the Proposed Amended Complaint sufficiently states a claim for breach of contract, such that the Proposed Amended Complaint could survive a Rule 12(b)(6) motion to dismiss.  Thus, the Proposed Amended Complaint is not futile.  Because the Proposed Amended Complaint is not futile, and because the other Foman factors militate in favor of granting United Rentals leave to amend the Complaint, the court grants United Rentals leave to amend.[4]

B.  Motion to Dismiss

In its Motion to Amend, United Rentals also asked the court, in the event that the court granted the Motion, to moot Conti's pending Motion to Dismiss.  See Mot. to Amend at 1.  Conti does not address this argument except to say that the court should consider the Motion to Dismiss.  See Mem. in Opp. at 14.

"When 'a plaintiff amends its complaint while a motion to dismiss is pending,' which happens 'frequently,' the 'court then has a variety of ways in which it may deal with the pending motion [to dismiss], from denying the motion as moot to considering the merits of the motion in light of the amended complaint.' "  Roller Bearing Co. of Am., Inc. v. Am. Software, Inc., 570 F.Supp.2d 376, 384 (D. Conn. 2008) (quoting In re Colonial Ltd. P'ship Litig., 854 F.Supp. 64, 79-80 (D. Conn. 1994)).  "Where the proposed amendment requires leave of court, the preferred course is to grant leave to amend even if doing so renders moot the motion to dismiss, rather than granting the

---

[4] The court need not address Conti's other arguments as to why it is not bound by the National Account Agreement and why, even if it is bound by that Agreement, the Agreement does not contractually obligate Conti to indemnify United Rentals.  This is because, as just discussed, the Rental Agreement alone can constitute a binding contract between United Rentals and Conti, which contract contains the indemnification provision on the reverse side of the Agreement.  See Proposed Am. Compl. Ex. B at 2.

motion to dismiss and rendering moot the motion for leave." Id.  Further, because

Conti's argument that the Proposed Amended Complaint was futile required the court to

conduct a 12(b)(6) analysis of the Proposed Amended Complaint, the likelihood of

prejudicing Conti by terminating the Motion to Dismiss as moot is particularly slim.[5]

Accordingly, the Motion to Dismiss is terminated as moot.

    C.  Motion to Transfer Venue

    United Rentals has also moved to transfer venue to the Southern District of New

York, pursuant to section 1404(a) of title 28 of the United States Code.

        i.    Whether the action might have been brought in S.D.N.Y.

    "To decide whether an action might have been brought in the proposed

transferee forum, the court must first determine whether the defendants are subject to

personal jurisdiction in that forum, and whether venue would properly lie there."  Wilson,

821 F.Supp.2d at 515 (internal quotation marks omitted).  Conti concedes that it is

subject to personal jurisdiction in New York, see Mem. in Opp. at 13, which is sufficient

to allow New York to exercise personal jurisdiction over Conti, see D.H. Blair & Co., Inc.

v. Gottdiener, 462 F.3d 95, 103 (2d Cir. 2006).

    It is equally clear that venue would properly lie in the Southern District of New

York.  Pursuant to section 1391 of title 28 of the United States Code, venue lies, inter

alia, in "a judicial district in which a substantial part of the events or omissions giving

rise to the claim occurred."  28 U.S.C. § 1391(b)(2).  The events giving rise to this

breach of contract claim are: (1) the alleged accidents that occurred at the Bronx, New

York job site; (2) and the subsequent lawsuits filed in the Bronx County Supreme Court;

---

    [5] The court is aware that, as a result of mooting Conti's Motion to Dismiss, the court will not
assess Conti's argument that venue does not lie in the District of Connecticut.  However, because the
court also grants the Motion to Transfer, see infra § IV.C, this ground for dismissal is moot.

and, (3) Conti's alleged failure to indemnify United Rentals in these lawsuits, which failure also occurred in New York, where the lawsuits are being litigated. "The Bronx is within the Southern District of New York." U.S. v. Mancebo-Santiago, 886 F.Supp. 372, 376 (S.D.N.Y. 1995). Accordingly, venue would properly lie in the Southern District of New York.[6] Thus, because Conti would be subject to personal jurisdiction in and because venue would properly lie in the Southern District of New York, the action "might have been brought" there.

      ii.    Whether transfer promotes convenience and justice

Courts consider numerous factors when determining whether transfer is warranted for the parties' convenience and in the interest of justice. These include: "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties." D.H. Blair, 462 F.3d at 106-07. "In addition to these considerations, other courts have identified two additional factors: (1) the forum's familiarity with the governing law; and

---

[6] The existence of a forum-selection clause requiring that actions be brought in a certain forum is not relevant to the analysis of whether venue would properly lie in another forum. See Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex., 134 S.Ct. 568, 577 ("Whether venue is 'wrong' or 'improper' depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws, and those provisions say nothing about a forum-selection clause"). Rather, the existence of a forum-selection clause is considered in relation to the second part of the transfer of venue analysis, which asks whether transfer is in the interest of justice. See id. at 581 ("because the overarching consideration under § 1404(a) is whether a transfer would promote the interest of justice, a valid forum-selection clause should be given controlling weight in all but the most exceptional cases") (internal quotation marks and alterations omitted); see also Indian Harbor Ins. Co. v. NL Envtl. Mgmt. Servs., Inc., No. 12 Civ.2045(PGG), 2013 WL 1144800, at *4 (S.D.N.Y. Mar. 19, 2013) ("On a motion to transfer, courts consider a forum selection clause not in connection with the "might have been brought" inquiry, but rather in connection with the convenience/interest of justice prong of the Section 1404(a) test").

(2) trial efficiency and the interest of justice, based on the totality of the circumstances."
Jones v. Walgreen Co., 463 F.Supp.2d 267, 271 (D. Conn. 2006).

Before addressing these factors, the court notes that this case presents an unusual situation in which it is the plaintiff, not the defendant, that is seeking a transfer of venue.  A plaintiff is not categorically barred from seeking to transfer venues.  Rather, in this situation, a transfer of venue is appropriate if the plaintiff can show that there has been a change in circumstances, or, even absent changed circumstances, if transfer is warranted in the interest of justice.  See Posven, C.A. v. Liberty Mut. Ins. Co., 303 F.Supp.2d 391, 407 (S.D.N.Y. 2004) ("While courts in this District have, at times, looked for changed circumstances to justify transferring venue when transfer is requested by the plaintiff who originally chose the forum, a showing of changed circumstances is not required if transfer is in the interests of justice") (internal citations omitted); see also U.S. ex rel. Smith v. Yale University, No 3:02CV1205(PCD), 2006 WL 1168446, at *2 (D. Conn. Apr. 28, 2006) ("Although courts have held that the threshold question when deciding a plaintiff's § 1404(a) motion to transfer is whether plaintiff has shown a change in circumstance since the complaint was filed sufficient to warrant transfer, an action may also be transferred if it is in the interest of justice to do so, even if Plaintiff can show no change in circumstances justifying transfer") (internal citations and quotation marks omitted).

United Rentals argues that the change of circumstance present here is that, subsequent to filing suit in the District of Connecticut, United Rentals learned that Conti would be amenable to suit in New York.  See Memorandum of Law in Support of Plaintiff's Motion to Transfer Venue 3-4 (Doc. No. 26-1) ("Venue Transfer Mem. in

Supp.").  United Rentals asserts that, prior to filing suit, it attempted to ascertain from Conti in which forums this suit could potentially be brought, but to no avail. Id. Consequently, United Rentals brought suit in the District of Connecticut based on the forum selection clause in the Rental Agreement.  Id.  Conti, on the other hand, argues that United Rentals knew, prior to filing this suit, that "Conti would be amenable to suit in New York since the underlying action was already being litigated in New York, and has been in suit for years."  Mem. in Opp. at 13.

However, Conti's argument is flawed.  Even if United Rentals knew that Conti would have been amenable to suit in New York – in the legal sense that a federal court in New York could exercise personal jurisdiction over Conti and subject matter jurisdiction over the matter based on diversity jurisdiction – United Rentals believed it was bound by the Rental Agreement's forum selection clause.  United Rentals attempted to contact Conti in order to determine whether both parties would agree to waive the forum selection clause in the Rental Agreement, but these attempts, according to United Rentals, were futile.  United Rentals asserts that it subsequently divined from representations made by Conti in its filings that Conti would be willing to waive the forum selection clause.  This constitutes a changed circumstance.

United Rentals also asserts that transfer is warranted because transferring the case is in the interest of justice.  Accordingly, the court will address the factors associated with the convenience of the parties / interest of justice prong of the section 1404(a) analysis.

a.  Plaintiff's choice of forum

When it is the plaintiff, rather than the defendant, who moves to transfer a case to another forum, "the usual presumptions as to plaintiff's choice of forum are not appropriate." Trehern v. OMI Corp., No. 98 Civ. 0242 RWS, 1999 WL 47303, at *2 (S.D.N.Y. Feb. 1, 1999) (citing Harry Rich Corp. v. Curtiss-Wright Corp., 308 F.Supp. 1114, 1119 (S.D.N.Y. 1969)).  Accordingly, this factor can be disregarded as neutral. See, e.g. Universal Marine Med. Supply, Inc. v. Lovecchio, No. 09-CV-3495 (ILG), 1999 WL 441680, at *3 (E.D.N.Y. May 7, 1999).

> b.  Convenience of witnesses

"The 'convenience of witnesses' factor is principally aimed at weighing the relative convenience of non-party witnesses." MAK Mktg, Inc. v. Kalapos, 620 F.Supp.2d 295, 309 (D. Conn. 2009).  In both their briefing and at oral argument, both United Rentals and Conti assert that the majority of the relevant witnesses are located in New York.  Accordingly, this factor militates in favor of transfer.

> c.  Location of relevant documents / ease of access to sources of proof

"Modern photocopying technology and electronic storage deprive this issue of practice or legal weight." MAK Mktg., 620 F.Supp.2d at 310.  Accordingly, this factor is neutral. Id.

> d.  Convenience of parties

Conti has argued many times that it is amenable to suit in New York, although its desire is to be in state court in New York, not federal court. See Mot. to Dismiss Mem. in Supp. at 12-14; Mem. in Opp. at 13.  Although Conti does argue that it would be inconvenienced by being required to litigate matters simultaneously in federal court and state court, that is irrelevant.  Currently, it is forced to litigate in New York state court

18

and Connecticut federal court.  Given that the court has already determined that it is not dismissing the case, the only remaining options before the court are to keep the case in the District of Connecticut or transfer the case to the Southern District of New York.

The inconvenience of having to defend cases in state and federal court simultaneously is not the type of inconvenience countenanced by this factor. Accordingly, this factor weighs in favor of transfer.

### e.  Locus of operative facts

The operative facts in this case center around the formation of the Rental Agreement and the NAA, and on the alleged personal injuries suffered at the worksite, liability from which United Rentals seeks indemnification from Conti.  This is because whether the lawsuits implicate the indemnification provision of the Rental Agreement turns on whether the injuries allegedly suffered are of the type that are covered by the indemnification provision.  Clearly, those operative events occurred in New York.  As for the operative events regarding the contract formation, United Rentals asserts that the people with knowledge of any communications regarding the terms and conditions of the Rental Agreement are also in New York.  See Mot. to Transfer Mem. in Supp. at 7. For its part, Conti believes that "New York is the locus of just about every relevant event that would touch on this litigation."  Mot. to Dismiss Mem. in Supp. at 14.  Accordingly, this factor weighs in favor of transfer.

### f.  Availability of process to compel the attendance of unwilling witnesses

"This factor is generally relevant only with respect to third-party witnesses, since employees of the parties will as a practical matter be available in any venue by virtue of the employment relationship."  MAK Mktg., 620 F.Supp.2d at 310 (internal quotation

marks omitted).  Conti has not identified any such witnesses.  At oral argument, United Rentals stated that one potential witness who formerly worked for United Rentals currently lives in California.  If that is the case, that witness could not be compelled to attend a proceeding in either Connecticut or New York.  Accordingly, this factor is neutral.

### g.  Relative means of the parties

Conti argues that, even though it is a well-established corporation, it would still be financially burdensome to have to defend two actions simultaneously.  However, the court is not presently deciding whether to consolidate two actions into one, but only in which forum this case should proceed.  The court cannot see how Conti would be more financially burdened by defending this action in New York, rather than in Connecticut.  Accordingly, this factor militates in favor of transfer.

### h.  Forum's familiarity with governing law

As discussed earlier, the court has not made a determination as to whether Connecticut or New York contract law applies to this case.  Further, "the 'governing law' factor is to be accorded little weight on a motion to transfer venue because federal courts are deemed capable of applying the substantive law of other states."  Id. at 311. This factor is neutral.

### i.  Trial efficiency and the interest of justice

As of July 30, United Rentals asserts that no discovery has yet taken place in this case.  The deadline for the completion of discovery is February 2, 2016.  Given that discovery has, presumably, still not yet been started, United Rentals asserts that no inefficiencies in terms of the progression of the trial will result from transfer.

The only remaining issue to be discussed is what role the forum selection clause plays in this analysis.  The clause, which states that, "[t]he federal and state courts in the county in which the Store Location is located shall have exclusive jurisdiction over all matters relating to this Rental Agreement" reads as a mandatory forum selection clause.  Proposed Am. Compl. Ex. C.  However, in this case, both parties confirmed at oral argument that they are waiving the forum selection clause.  The court cannot conceive of any reason to prohibit allowing two parties to waive, by mutual agreement, a mandatory forum selection clause.  Indeed, as the Supreme Court recently stated, "[t]he enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system."  Atl. Marine, 134 S.Ct. at 581 (internal quotation marks omitted).  Given that enforcement of forum selection clauses is preferred because it protects the parties' expectations, where both parties agree to disregard a forum selection clause, the parties' expectations are hardly being undermined.  Indeed, it appears to the court unduly doctrinaire to require parties to be bound by a forum selection clause that neither party wants to enforce.  Accordingly, this factor weighs in favor of transfer.

Because the majority of the factors weigh in favor of transfer, and none of the factors strongly weighs against transfer, the Motion to Transfer is granted.

## V.    CONCLUSION

For the above-stated reasons, the Motion to Amend (Doc. No. 33) is **GRANTED.** Accordingly, the court directs United Rentals to docket the Proposed Amended Complaint and its attached exhibits.  When docketed, this will be the operative complaint and will be referred to as the "Amended Complaint."

The Motion to Dismiss (Doc. No. 17) is **TERMINATED AS MOOT.**  The Motion to Transfer Venue (Doc. No. 26) is **GRANTED**.  The case is transferred to the Southern District of New York.

**SO ORDERED**.

Dated at New Haven, Connecticut this 17th day of November 2015.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge